**Melvin Memphrey CARTER,
Plaintiff–Appellant,**

v.

**BEVERLY HILLS SAVINGS AND LOAN ASSOCIATION; Southland Company, Defendants–Appellees.**

No. 86–6610.

United States Court of Appeals, Ninth Circuit.

Argued March 7, 1988.

Submitted Aug. 3, 1988.

Decided Sept. 6, 1989.

As Amended Sept. 26, 1989.

Melvin Memphrey Carter, Los Angeles, Cal., pro per.

Gregory L. Dillion, Newmeyer, Landrum & Dillion, Newport Beach, Cal., for defendants-appellees.

Before HUG, ALARCON and KOZINSKI, Circuit Judges.

HUG, Circuit Judge:

This case involves an appeal from the denial of a Rule 60(b) motion to vacate a judgment dismissing Carter's action to set aside a foreclosure sale on his home. The district court judge, believing that the parties had entered into a settlement agreement, dismissed the underlying action with a retention of jurisdiction for sixty days to reopen if settlement was not completed. Carter made a Rule 60 motion approximately eighteen months later, which the district court denied as untimely. Because the underlying judgment was never entered in accordance with Fed.R.Civ.P. 58, we reverse.

## I.

### Facts

Carter brought this action in the California Superior Court against Beverly Hills Savings and Loan and Southland Company,

seeking to set aside a foreclosure sale of his home which had been accomplished by Southland Company acting as trustee under a deed of trust securing a loan from Beverly Hills Savings and Loan. Carter alleged that the foreclosure sale was in violation of a bankruptcy automatic stay and a stipulation between Carter and Beverly Hills Savings and Loan in the bankruptcy action.

This case was removed to federal court on the grounds that it was an action affecting Title 11, thus affording federal jurisdiction. A pretrial conference was set for March 25, 1985, and a trial date was set for April 30, 1985. Prior to the pretrial conference, the attorneys for the parties entered into a stipulation requesting that the district court vacate the existing pretrial conference and trial dates because the parties had agreed in principle upon a settlement. The settlement agreement was basically an agreement whereby Carter could repurchase the house. The stipulation noted that the settlement "would require the parties and their counsel to prepare releases, escrow instructions, title reports, etc. relating to the subject property which will take 30 days to prepare." The parties did not stipulate to dismissal of the action but instead only sought an order vacating the pretrial conference and trial dates, with a status report to be filed in 45 days. An order incorporating these terms was provided at the end of the stipulation document, but was never signed by the judge. Instead, at the time scheduled for the pretrial conference, the matter was called before the judge, who, after noting that counsel were not present, stated:

> All right. The court has been informed through the law clerks that the matter's been settled, but we haven't got any paper work on that. Our standard minute order dismissing the case as settled with a 60-day retention of jurisdiction will issue.
>
> If you could make a note on that one, Bob.

A form document entitled "Civil Minutes —General" was thereafter filled in showing the case title, and the presence of District Judge Harry L. Hupp, Deputy Clerk Robert Bolton, and Court Reporter Bob Stark. The minutes then set forth the following entry:

> PROCEEDINGS: Pre Trial Conference Counsel not present. Counsel inform that this matter has settled. Court dismisses the action by reason of settlement and retains jurisdiction over the matter for 60 days to vacate this order and to reopen the action upon a showing of good cause that the settlement has not been completed and further litigation is necessary. Entered _____ JS–6.

The minutes bear a stamp showing that they were entered on March 26, 1985. This entry stamp was initialed by a deputy clerk with the initials "SB." Another stamp shows that the minutes were mailed to counsel for the parties. These minutes were entered in the civil docket book as follows:

> 3–25–85  sb 18. crt dism actn reason of settlmnt & retn jurdctn 60 reopen if settlmnt not completed (ENT 3–26–85) MD JS 6 Mld cpys

Approximately 15 months later, on August 20, 1986, Carter filed a motion to remand, which was eventually taken off calendar and never granted or denied. On September 12, 1986, Carter notified the court that he was substituting himself for the attorney who had been representing him, and would proceed pro se. On October 9, 1986, Carter filed a motion to issue a preliminary injunction, a motion to refer the case to the district attorney, and a motion to reopen the case. The district court denied these motions on November 3, 1986, stating that the time within which to make a Rule 60 motion had long since passed, and the motions appear to have no merit. Carter timely appeals. We review the district court's denial of a Rule 60 motion for an abuse of discretion. *Thompson v. Housing Auth.*, 782 F.2d 829, 832 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986).

## II.

### Timeliness of Rule 60(b) Motion

The district court denied Carter's Rule 60 motion as untimely. A motion under Fed.

R.Civ.P. 60(b) must be made "within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

### A.

■ The use of the words "entered or taken" creates some ambiguity as to when the time for filing a Rule 60(b) motion begins to run. We find no case that differentiates "taken" from "entered". The Federal Rules of Civil Procedure have established a procedure by which a judgment is to be entered. The Supreme Court has commented that the purpose of these rules in relation to filing a notice of appeal, is to make it clear when the time for filing a notice of appeal begins to run. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384–85, 98 S.Ct. 1117, 1119–20, 55 L.Ed.2d 357 (1978) (per curiam). The need for clarity is equally compelling when it comes to filing post-judgment motions under Rule 59 and 60. Both these rules contain time requirements which are as rigidly applied as the time requirement for filing a notice of appeal. *See* Fed.R.Civ.P. 6(b) (the court may not extend time for taking action under either Rule 59 or 60(b)). Wherever the rules establish a time requirement that limits a litigant's ability to obtain relief from a final judgment, it is imperative that the district court provide a clear signal that the time period within which that relief can be sought has begun to run. For this reason, we hold that the time requirements of Rule 60(b) only commence running upon "entry" of final judgment that complies with Rule 58. *See* 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2781 at 6 & n. 5 (1973) (the time to make a Rule 60(b) motion runs from entry of judgment).

■ It follows that where a final judgment complying with Rule 58 was never entered, a post-judgment motion may not be deemed untimely. *Cf. Allah v. Superior Court*, 871 F.2d 887, 890 (9th Cir.1989) (unless the judgment is entered in compliance with Rule 58, a party will not ordinarily be found to have exceeded the time limits for filing a notice of appeal).

### B.

We therefore now turn to the question of whether the judgment Carter was seeking to reopen through his Rule 60(b) motion was properly entered. Entry of judgment is governed by Fed.R.Civ.P. 58, which requires that every judgment must be set forth on a separate document. The document that embodies the district court's decision in the present case is entitled "Civil Minutes—General", and contains a description of what transpired in the courtroom. This court has previously held that such a document does not satisfy the separate document requirement in Rule 58. *See Calhoun v. United States*, 647 F.2d 6, 8–9 (9th Cir.1981).

Rule 58 also requires that the order be signed by the clerk. The signature of a duly authorized deputy clerk would be adequate. A clerk's ministerial duties may be performed by a deputy clerk. 28 U.S.C. § 956 (1982). In this case, Robert Bolton was the deputy clerk present in the courtroom. He obviously prepared the minutes but did not sign them. On the minutes there is a file stamp stating "ENTERED Mar. 26 1985, Clerk, U.S. District Court Central District of California by SB Deputy." This attestation is obviously not by the deputy clerk, Robert Bolton, who was in the courtroom and prepared the minutes, but rather an attestation by the deputy clerk who entered the minutes in the docket book. The bottom right-hand page of the minutes bears the initials of a deputy clerk "LRM," with no indication of the significance of those initials. Rule 58 contemplates a minute order prepared by a deputy clerk who then signs the minute order he prepares.

■ The entry of the court's action in the civil docket book confirms that the requirements of Rule 58 were not met. As previously noted, the entry in the civil docket book is as follows:

3–25–85  sb 18. crt dism actn reason of settlmnt & retn jurdctn 60 reopen if settlmnt not completed (ENT 3–26–85) MD JS 6 Mld cpys

This entry does not show that a separate order was filed and entered as required by Rule 58, but rather that the document entered was the minutes of the action taken by the judge at a pretrial conference. In *Calhoun*, we found the entry of similar minutes not to comply with Rule 58.

Beverly Hills Savings and Loan relies upon *Beaudry Motor Co. v. ABKO Properties, Inc.*, 780 F.2d 751 (9th Cir.), *cert. denied*, 479 U.S. 825, 107 S.Ct. 100, 93 L.Ed.2d 51 (1986). In that case, the district court issued a minute order which stated "IT IS ORDERED." That document was signed by a deputy clerk, entered in the civil docket book, and mailed to counsel. *Id.* at 754–55. In this case, we have civil minutes which do not bear the imperative "IT IS ORDERED," and are not signed by the deputy clerk who prepared them. Although the civil minutes were entered in the civil docket book, they do not constitute a separate order nor were they entered as an order. This case is thus controlled by *Calhoun* rather than *Beaudry Motor*.

### C.

█ We next consider the question of whether the decision on March 25, 1985 is a final judgment from which a Rule 60(b) motion would lie. The Supreme Court in *Bankers Trust Co.* distinguished between (1) the situation in which a decision was never entered, as provided in Rule 79(a), and (2) the situation in which the separate-document requirement of Rule 58 was not met. In the former, the Court indicated that the judgment may not be final, noting that Rule 79 "fulfills a public recordkeeping function over and above the giving of notice to the losing party that a final decision has been entered against it." *Bankers Trust Co.*, 435 U.S. at 384 n. 4, 98 S.Ct. at 1119 n. 4. In the latter, however, the separate-document requirement can be waived and the finality requirement is still met. *Id.* at 384–85, 98 S.Ct. at 1119–20. The Court emphasized that the purpose of the separate-document requirement is to establish certainty as to the time within which to file a notice of appeal. "The 1963 amendment to Rule 58 made clear that a

party need not file a notice of appeal until a separate judgment has been filed and entered." *Id.* at 385, 98 S.Ct. at 1120 (citation omitted). However, the Court noted that certainty as to timeliness is not advanced after an appeal has been filed by requiring dismissal of the appeal in order for the district court to file and enter a separate judgment. "Wheels would spin for no practical purpose." *Id.*

Essentially, the same situation is present in this case with regard to the Rule 60(b) motion. The separate-document requirement of Rule 58 was not met although the decision was entered on the civil docket, fulfilling the requirements of Rule 79(a).

The possible question of finality raised in *Bankers Trust Co.*, 435 U.S. at 384 n. 4, 98 S.Ct. at 1119 n. 4, is obviated because of the entry of the decision in the civil docket. However, the entry was not of a judgment that complied with Rule 58 and, thus, the time for filing an appeal or post-judgment motions did not commence to run. Thus, the district court erred in denying the 60(b) motion as untimely.

### D.

We note finally that the facts of this case support the logic of our conclusion that the *Bankers Trust Co.* analysis applies to post-judgment motions as well as appeals. Because a judgment complying with Rule 58 was never entered, Carter could still file a notice of appeal, and it would be deemed timely. *Allah*, 871 F.2d at 890. Were we to hold that Rule 58 had no bearing on the time requirements for filing a Rule 60(b) motion, Carter's Rule 60(b) motion would be held untimely, at a time when he could still file a timely appeal of the underlying judgment. Given that Rule 60 motions are usually the tool used to obtain relief from a final judgment *after* the time for filing an appeal has passed, this result would be extraordinary.

### E.

The dissent speculates that our ruling creates a precedent that will lead to administrative inconvenience for clerical person-

nel in court clerk's offices. To the contrary, it is very simple to comply with Rule 58. A judgment or an order signed by the judge or the clerk that is a separate document and labeled as a judgment or order would clearly comply. It is only the sloppy procedure of trying to make court minutes suffice for a separate order that unnecessarily raises the questions we faced in *Calhoun, Beaudry,* and we face in this case. This practice should be discouraged. It is simple enough for the clerk or a deputy to type an order as a separate document, label it an order, sign it, and then have it entered in the docket book as an order. This would provide the clear notice that Rule 58 contemplates. A document labeled as minutes, with various deputy clerks' initials scattered about, with no clear indication what those initials signify, may afford some measure of administrative convenience, but when important post-judgment rights of litigants are at stake, any such administrative inconvenience weighs light in the balance.

### III.

### Merits of 60(b) Motion

█ In addition to finding Carter's motion to reopen untimely, the district court also specified the alternate grounds that the motion appeared to have no merit. The district court dismissed Carter's action based on his understanding that the parties had settled the action and had stipulated to a dismissal. Such a dismissal would have been proper under Fed.R.Civ.P. 41(a), which provides for voluntary dismissals, if, in fact, the parties had stipulated to the dismissal. However, they did not do so. Rule 41(a)(1)(ii) allows the parties to dismiss an action voluntarily after service of an answer by filing a written stipulation to dismiss, signed by all of the parties. The requirements of this subsection may be met either by filing a written stipulation or

by making an oral stipulation in open court. *Eitel v. McCool,* 782 F.2d 1470, 1472–73 (9th Cir.1986). In addition, under Fed.R.Civ.P. 41(a)(2), the court may, under certain circumstances, order dismissal of an action "at the plaintiff's instance." Such an order is only proper if a plaintiff has made a motion for dismissal. 9 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2364 at 160–61 (1971).

Here the parties did not move for or stipulate to dismissal, either orally or in writing. Neither party appeared at the pretrial conference at which the judge decided to dismiss the action, and the written stipulation that the parties filed only asked that the pretrial conference and trial date be vacated, not that the action be dismissed. Thus there was no basis for the district court to dismiss the action.[1] Accordingly, Carter's motion to reopen that dismissal, which we hold was timely, should have been granted because there was no basis for an involuntary dismissal under Rule 41(a).

We reverse the action of the district court, vacate the dismissal, and remand for further proceedings on Carter's underlying action.

REVERSED and REMANDED.

KOZINSKI, Circuit Judge, dissenting.

The majority finds the minute order below insufficient in three respects: (1) It failed to satisfy Rule 58's separate document requirement; (2) it failed to satisfy Rule 58's requirement that judgments be signed by the clerk; and (3) it was not entered in the docket in accordance with Rule 58. I disagree with all three propositions. I fear, moreover, that the majority opinion will unnecessarily complicate the docketing responsibility of the district courts, creating greater opportunity for confusion and error.

---

1. The court does have the authority under Fed. R.Civ.P. 41(b) to enter an involuntary dismissal on its own initiative. The record here contains no indication that this was the judge's intent. Furthermore, the only possible basis for an involuntary dismissal under the facts of this case would have been the parties' failure to appear at

the pretrial conference. However, this alone is not grounds for dismissal where, as here, the case was still in its early stages and there was no warning that failure to appear would be grounds for dismissal. *See Tolbert v. Leighton,* 623 F.2d 585, 586–87 (9th Cir.1980).

### 1. The Separate Document Requirement

"Every judgment shall be set forth on a separate document." Fed.R.Civ.P. 58. Here, there was a separate document: It is titled "Civil Minutes—General," it was mailed to the parties, and it is quoted in full in the majority opinion. Majority op. at 1188. If we were interpreting this part of Rule 58 for the first time, I should think our job would be done.

But this isn't our first time; it is our third. First, in *Calhoun v. United States*, 647 F.2d 6 (9th Cir.1981), *overruled on other grounds, Acosta v. Louisiana Dep't of Health & Human Resources*, 478 U.S. 251, 106 S.Ct. 2876, 92 L.Ed.2d 192 (1986) (per curiam), we held that a document entitled "Minutes of the Court" failed to satisfy the separate document requirement where it merely *referred* to an order rather than purporting to be an order itself, 647 F.2d at 8–9; it was not mailed to the parties, *id.* at 9; and it was never entered in the docket as an order. *Id.* Next, in *Beaudry Motor Co. v. Abko Properties, Inc.*, 780 F.2d 751 (9th Cir.), *cert. denied*, 479 U.S. 825, 107 S.Ct. 100, 93 L.Ed.2d 51 (1986), we held that a minute order *did* satisfy Rule 58's separate document requirement where it stated on its face that it was an order, 780 F.2d at 755; it *was* mailed to the parties, *id.*; and it *was* entered in the docket as an order. *Id.* *Beaudry* took full account of *Calhoun*, and distinguished it on precisely these three grounds.

The distinctions are picayune, but our task is clear: We must decide whether the minute order at issue in this case is more like the one in *Calhoun* or the one in *Beaudry*. The answer is equally clear: The order falls on the *Beaudry* side of each of the three lines *Beaudry* drew between itself and *Calhoun*.

A. While the document at issue in *Calhoun* merely referred to proceedings at which a motion was denied, the corresponding document in *Beaudry* "does not reference proceedings but is clearly by its language a decision of the court." 780 F.2d at 755. Here, the document entitled "Civil Minutes—General" reads in part: "Court dismisses the action by reason of settlement and retains jurisdiction over the matter for 60 days to vacate *this order....*" Majority op. at 1188 (emphasis added). The document claims to be a decision of the court in two different ways. First, it announces the court's disposition of the case in the present tense, suggesting that the document itself is dismissing the case, rather than referring to some other court action with that effect. *Cf. Calhoun*, 647 F.2d at 8 (past tense—"Motion argued and ordered denied"—indicating that the document at issue was a description of an order rather than an order itself). Second, the document explicitly calls itself "this order." Is there any clearer way of issuing an order? *Cf. Beaudry*, 780 F.2d at 755 ("The copy of the minute order with its language 'IT IS ORDERED' clearly put plaintiff's counsel on notice that an order had been entered against his client."); *id.* at 755 n. 3 ("plaintiff's counsel received a document, the sole contents of which informed him that his post-judgment motions had been *ordered* denied and which was file stamped. We have no trouble concluding that in these circumstances a reasonable person would realize that the court had entered an order finally disposing of the case."). As I see it, the document at issue here is much more like the one in *Beaudry* than the one in *Calhoun*.

B. In *Calhoun*, the clerk did not mail copies of the disputed document to the parties, 647 F.2d at 8; in *Beaudry*, the clerk did. 780 F.2d at 755. Here, the clerk mailed copies to the parties. Majority op. at 1188. Again, we fall on the *Beaudry* side of the line.

C. The document in *Calhoun* contained no stamp or other notation indicating it had been entered as an order, 647 F.2d at 8; in *Beaudry*, the document included such a stamp. 780 F.2d at 755. Here, "[t]he minutes bear a stamp showing that they were entered on March 26, 1985." Majority op. at 1188. Once again, this case tracks *Beaudry* rather than *Calhoun*.

*Beaudry* and *Calhoun* have given us three extremely fine distinctions to work with when considering whether Rule 58's

separate document requirement has been satisfied, but they are easy to apply here: This case is squarely governed by *Beaudry*, not *Calhoun*.[1] The minute order below therefore did not run afoul of the separate document requirement.

### 2. The Clerk Signature Requirement

"[T]he clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment." Fed.R.Civ.P. 58. There is no dispute that the judgment below was prepared, signed and entered by duly authorized deputy clerks, *see* 28 U.S.C. § 956 (1982); the majority finds fault only because the deputy clerk who prepared the order was not also the one who signed it. Majority op. at 1189.

But Rule 58 nowhere requires that the signature below a minute order be that of the same clerk who prepared the order. The majority comes to this conclusion without citing any authority, and I know of none; nor do I think it can fairly be derived from the text of Rule 58 alone. Moreover, such a strict rule makes little practical sense. Many district courts, including in particular the Central District of California where these events took place, employ large numbers of deputy clerks. When one deputy gets sick, or goes on vacation, or is busy in court, he may ask another to sign a minute order he prepared the day before. I see no plausible reason to invalidate such an order.

It is bad enough to add a new judicially-created requirement to Rule 58; it is even worse when that requirement serves no conceivable purpose. I would hold that the minute order below satisfied Rule 58's clerk signature requirement.

### 3. The Docket Entry Requirement

"A judgment is effective only ... when entered as provided in Rule 79(a)." Fed.R. Civ.P. 58. Here, the judgment was entered in the civil docket; the entry is quoted in full in the majority opinion. Majority op.

at 1189. The majority finds this entry insufficient because it "does not show that a separate order was filed and entered as required by Rule 58." *Id.*

But Rule 58 only requires that a judgment be *set forth* on a separate document; it does not also require that the corresponding docket entry state that a separate document exists. Instead, Rule 58 explains that docket entry requirements are controlled by Rule 79(a). Rule 79(a), in turn, imposes a number of requirements—entries must be in chronological order, they must be dated, they must be brief, and they must "show the nature of each paper filed," Fed.R.Civ.P. 79(a)—but a statement of the separateness of a document is not among them. There is no dispute here that the literal requirements of Rule 79(a), and therefore the docket entry requirements of Rule 58, have been met. The entry at issue is chronological, dated, brief, and reads in part "crt dism actn." Majority op. at 1189. Anyone reading it would understand the nature of the paper filed: It was obviously a document in which the court dismissed the action. Rule 79(a) requires no more.

With all deference to its author, neither does *Calhoun*. As discussed above, *Calhoun* found that a minute order fell short of Rule 58's separate document requirement. We then noted that this shortcoming was corroborated by the corresponding docket entry, which "does not show the filing and entry of a separate order." 647 F.2d at 9. But *Calhoun* did not purport to be adding any requirements to Rule 79(a): It was concerned with whether a document was sufficiently separate in the first place, not whether the entry of that document in the docket sufficiently reflected its separateness. *Calhoun* did go on to find a Rule 79(a) violation, but only because the docket entry was not dated, as Rule 79(a) requires. *Id. Calhoun* thus did not read any requirement into Rules 58 or 79(a) that a docket entry state explicitly that a separate order was filed; it is the majority

---

1. The distinctions between *Beaudry* and *Calhoun* were not altered by *Allah v. Superior Court,* 871 F.2d 887 (9th Cir.1989). *Allah* did not consider whether a document satisfied Rule

58's separate document requirement, because no such document existed in the first place. *Id.* at 890.

opinion that today introduces this requirement for the first time. As with the requirement that orders be prepared and signed by the same deputy clerk, this requirement is a judicial encrustation onto the Federal Rules that serves no conceivable purpose.

\* \* \*

The Federal Rules of Civil Procedure abound with technical requirements, but they are, by and large, requirements that serve important purposes. The separate document requirement, for example, exists so that the parties will know exactly when judgment has been entered and they must begin preparing post-verdict motions or an appeal. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1978) (per curiam). The Federal Rules, more importantly, are promulgated by the Supreme Court pursuant to the Rules Enabling Act; federal courts must treat them as they would statutes, and may not modify them by judicial construction. *See Harris v. Nelson*, 394 U.S. 286, 298, 89 S.Ct. 1082, 1090, 22 L.Ed.2d 281 (1969).

Regretfully, I must conclude that the majority has failed to consider either of these principles. It has added two apparently pointless requirements to Rule 58: From now on, a judgment in this circuit will be without effect unless it is prepared and signed by the same deputy clerk, and entered in the docket with a notation that explicitly states it is a separate document. I cannot figure out why this should be; the new requirements are so counterintuitive that they will provide fertile soil for clerical errors, and thus generate more uncertainty than they resolve. More fundamentally, I cannot discern the source of our authority to make such textually unsupported modifications to the Federal Rules. I respectfully dissent.