979 F.2d 854
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hananya AMIR, Plaintiff-Appellant,
v.
William H. REED, Director of the Contract Audit Agency, et
al., Defendant-Appellee.
 No. 91-56437.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Nov. 18, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court dismissed Hananya Amir's Title VII action on the grounds that he failed to exhaust administrative remedies and failed to perfect service of process on the defendant. We do not reach these grounds because we conclude that Amir's notice of appeal was not timely filed. Accordingly, we dismiss the appeal for lack of jurisdiction.
 
 
 3
 Amir did not file his notice of appeal within sixty days of the district court's order dismissing his action as required by Federal Rule Appellate Procedure 4(a)(1). A motions panel of this court nevertheless denied appellee's motion to dismiss for lack of jurisdiction, concluding that "no separate judgment was entered on the district court docket." We are not bound by that determination; rather, we have an independent obligation to decide our jurisdiction based on the record before us. See Nevada v. Watkins, 939 F.2d 710, 713-14 n. 10 (9th Cir.1991); Duran v. City of Douglas, Ariz., 904 F.2d 1372, 1375 (9th Cir.1990).
 
 
 4
 An order or judgment is entered for purposes of Rule 4(a)(1) when it is entered in compliance with Federal Rules of Civil Procedure 58 and 79(a). Fed.R.App.P. 4(a)(6). Rule 58 requires that a separate judgment be entered; Rule 79(a) requires that the entry be docketed.
 
 
 5
 Here, the district court's entry of a minute order on May 20, 1991 granting defendant's motion did not satisfy Rule 58. See Calhoun v. United States, 647 F.2d 6, 8-9 (9th Cir.1981). The district court subsequently filed, however, an order stating that "IT IS ORDERED that defendant's motion to dismiss this action is granted." The order was signed by the judge, entered in the civil docket on May 23, 1991, and mailed to counsel pursuant to Federal Rule of Civil Procedure 77(d). This order satisfies the requirements of Rules 58 and 79(a). See Carter v. Beverly Hills Savings and Loan Assn., 884 F.2d 1186, 1190-91 (9th Cir.1989), cert. denied, 110 S.Ct. 3270 (1990); Beaudry Motor Co. v. Abko Properties, 780 F.2d 751, 754-56 (9th Cir.), cert. denied, 479 U.S. 825 (1986). Amir was therefore required to file his notice of appeal within sixty days of that order. Since he failed to do by filing it on November 1, 1991, we have no choice but to dismiss his appeal for lack of appellate jurisdiction.
 
 
 6
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3