133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eduardo ECHEVARRIA, Plaintiff-Appellant,
v.
James GOMEZ; Theo White; Carmen Rios; D. Sattler; Phil
House; D. Martel; G. Bonnie Garibay, Defendants-Appellees.
 No. 97-15765.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997**
Decided Dec. 17, 1997.
 
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 LEVI
 
 2
 Eduardo Echevarria, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging interference with his right of access to the courts as frivolous. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review for abuse of discretion the district court's dismissal of a complaint as frivolous, see Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam), and we affirm.
 
 
 3
 Even after he was given notice of his complaint's deficiencies and provided with an opportunity to amend his complaint, Echevarria failed to allege facts showing how defendants' failure to pay for photocopies of and postage for legal materials resulted in an actual injury in any of his legal proceedings. See Lewis v. Casey, 116 S.Ct. 2174, 2178-80 (1996); Gluth v. Kangas, 951 F.2d 1504, 1509 n. 2 (9th Cir.1991). Accordingly, the district court did not abuse its discretion by dismissing Echevarria's second amended complaint as frivolous. See Trimble, 49 F.3d at 584.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because there is no separate entry of judgment on the district court's docket, the time to file a notice of appeal never began running. See Fed.R.Civ.P. 58; Carter v. Beverly Hills Sav. & Loan Ass'n, 884 F.2d 1186, 1189-90 (9th Cir.1989). Accordingly, defendants' argument that Echevarria's appeal is untimely is without merit. See id. at 1189. Even without the separate entry of judgment, however, the district court's order is considered final. See id. at 1190
 
 
 [2]
 Given our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal