# FILED

**NOT FOR PUBLICATION**

MAY 22 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re:                                    )     BAP No.   NC-14-1030-TaDKi
                                          )
NORTH OXFORD BRIGHT HORIZONS              )     Bk. No.   11-33749
GROUP LLC,                                )
                                          )
                    Debtor.               )
_____        )
                                          )
MONICA HUJAZI,                            )
                                          )
                    Appellant,            )
                                          )
v.                                        )     **MEMORANDUM**[*]
                                          )
ANDREA A. WIRUM, Chapter 7                )
Trustee,                                  )
                                          )
                    Appellee.             )
_____        )

Argued and Submitted on May 14, 2015
at San Francisco, California

Filed - May 22, 2015

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Hannah L. Blumenstiel, Bankruptcy Judge, Presiding

_____

Appearances:    Bradley Kass of Kass & Kass Law Offices argued
                for appellant Monica Hujazi; Charles Patrick
                Maher of McKenna Long & Alridge LLP argued for
                appellee Andrea A. Wirum, Chapter 7 Trustee.

_____

Before:  TAYLOR, DUNN, and KIRSCHER, Bankruptcy Judges.

_____

[*]    This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1(c)(2).

Monica Hujazi appeals from the entry of the final decree discharging the chapter 7[1] trustee and closing the chapter 7 case of North Oxford Bright Horizons Group, LLC.

We AFFIRM the bankruptcy court.

## FACTS

### Background

The Debtor, a California LLC, was formed in September of 2011. The Zuercher Trust of 1999 (the "Zuercher Trust")[2] is the sole member of the Debtor; at all relevant times, Hujazi, as Trustee of the Zuercher Trust, was an affiliate of the Debtor.

A month after the Debtor's formation, the Zuercher Trust conveyed a 32-unit apartment building (the "Property") to the Debtor. Four days later, on October 17, 2011, the Debtor commenced a chapter 7 case through a skeletal filing that included neither schedules nor the other documents required by Rule 1007. Andrea A. Wirum became the chapter 7 trustee. It is uncontested that the Property was the Debtor's sole asset.

The Debtor's lack of Rule 1007 documents prompted a bankruptcy court order requiring the filing of required

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] The Zuercher Trust is currently in chapter 7 bankruptcy (converted from chapter 11 in December 2014), also filed in the Northern District of California. See 12-32747-HLB. In its own case, the Zuercher Trust appealed from an order approving two § 363 sales as to different real properties; the BAP affirmed. See The Zuercher Trust of 1999 v. Kravitz, Chapter 11 Trustee (In re Zuercher Trust of 1999), 2014 WL 7191348 (9th Cir. BAP Dec. 17, 2014).

documents and allowing for case dismissal if the filing did not occur. The Debtor filed nothing in response, but the Trustee successfully obtained a reprieve. Over the Zuercher Trust's opposition, she also obtained authorization to attempt a sale of the Property.

The Trustee eventually received an offer in the amount of $2,350,000, gave Hujazi appropriate notice of her intent to sell at this amount, and moved for an order authorizing the sale. Neither Hujazi nor the Debtor (nor anyone else) objected to the sale. As a result, the bankruptcy court entered an order that authorized the sale of the Property and payment from the sale proceeds to the secured trust deed holder, three judgment lien creditors, and the parties' brokers. No one objected to the form of order or appealed from that decision.

Thereafter, in June of 2012, the Debtor finally filed its schedules and other Rule 1007 documents. Both the newly filed schedules and the Trustee's prior due diligence confirmed that the sale of the Property yielded proceeds in excess of pre-petition and administrative claims. The Trustee, thus, obtained authorization, pursuant to § 726(a)(6), to distribute $1,000,000 to Hujazi, as trustee of the Zuercher Trust.

Having sold the Debtor's only asset and after largely distributing the sale proceeds, the Trustee began to conclude the bankruptcy case. In compliance with 28 C.F.R. § 58.7, she initially filed both a Trustee's Final Report ("Final Report") and a Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object ("TFR Notice"). The Trustee and her professionals also filed final fee applications. The

3

Debtor objected both to the payment of creditors and fees as outlined in the Final Report and to the payment of fees as requested in the final fee applications.

The bankruptcy court heard the matters on August 1, 2013, and, after arguments were presented, approved the Final Report and all of the fees as requested. It subsequently entered three orders. No one appealed from these orders, and they are now final.

On December 23, 2013, the Trustee filed the last document required by 28 C.F.R. § 58.7, her Chapter 7 Trustee's Final Account and Distribution Report Certification that Estate Has Been Fully Administered and Application to be Discharged ("Final Account"). Just four days later, the bankruptcy court entered the final decree, which acknowledged full administration of the estate, discharged the Trustee, and closed the case. Hujazi timely appealed from the final decree.[3]

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1. Whether Hujazi has standing to appeal from the final decree.

2. Whether the bankruptcy court erred in entering the final

---

[3] The Debtor and then Hujazi filed a motion to set aside the final decree and then, to reopen the case, in early January 2014. Eventually, following an order from this Panel, the bankruptcy court denied Hujazi's motions.

4

decree less than 30 days after the filing of the Final Account.

As legal questions, we review de novo interpretations of statutes and rules. de la Salle v. U.S. Bank, N.A. (In re de la Salle), 461 B.R. 593, 601 (9th Cir. BAP 2011). "Whether compliance with a given statute or rule has been established is generally a question of fact, which we review for clear error." Id. A factual finding is clearly erroneous if illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

**DISCUSSION**

**A. Hujazi's standing to appeal.**

The Trustee argues that Hujazi lacks standing to appeal from the final decree because she is not a "person aggrieved" in the Debtor's case and has not shown that the Zuercher Trust's bankruptcy is a surplus case. Hujazi responds that, as the principal of the Zuercher Trust, she is entitled to any surplus funds from that estate. She, thus, avers that the final decree "directly [affected] her rights to surplus monies out of the [Zuercher Trust's] estate."

Whether a party has standing to appeal from a bankruptcy court order is determined according to the "person aggrieved" test. "An appellant is aggrieved if 'directly and adversely affected pecuniarily by an order of the bankruptcy court'; in

5

other words, the order must diminish the appellant's property, increase its burdens, or detrimentally affect its rights." Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.), 177 F.3d 774, 777 (9th Cir. 1999) (citing Fondiller v. Robertson (In Matter of Fondiller), 707 F.2d 441, 442 (9th Cir. 1983)). Generally, an appellant bears the burden of showing that standing to appeal exists. See In Matter of Fondiller, 707 F.2d at 443.

Here, we must sort through two bankruptcies in order to determine whether appellate standing exists. If we look solely at the Debtor's chapter 7 case, standing exists because it is a surplus case. Hujazi's goal is to reduce claims payable by the Debtor's bankruptcy estate. This has the natural consequence of increasing money flowing to the Debtor and then to its sole member, the Zuercher Trust, and then, perhaps, to Hujazi.

We, however, must also consider the fact that the Zuercher Trust is a chapter 7 debtor. Thus, unless the Zuercher Trust case is also a surplus case, Hujazi will receive nothing from the Debtor's estate; consequently, she would lack standing.

Here, Hujazi offers only argument in support of her position and, thus, we cannot conclusively determine whether the Zuercher Trust estate will generate a surplus after payment of administrative and pre-petition claims. The likelihood of a surplus, however, is enhanced as the amount available from liquidation of the Debtor increases. A cursory review of the schedules and docket in the Zuercher Trust bankruptcy does not establish the impossibility of a surplus. While it is a close call, we conclude that Hujazi has standing to appeal from the

6

final decree.

**B.    The bankruptcy court did not commit reversible error when it entered the final decree.**

Hujazi argues that the bankruptcy court erred in entering the final decree just four days after the Trustee's filing of the Final Account.  On this record, we disagree.

Rule 5009(a) supplies a conclusive evidentiary presumption that the chapter 7 estate is fully administered in the absence of an objection by the United States Trustee or any other party in interest within 30 days of a trustee's filing of a final account.  Fed. R. Bankr. P. 5009(a).  Rule 5009 is procedurally implemented by 28 C.F.R. § 58.7.

Under 28 C.F.R. § 58.7, a chapter 7 trustee files the final report in the bankruptcy case following review by the United States Trustee.  Id. § 58.7(a)-(b).  To the extent the estate realizes a certain amount in net proceeds,[4] the chapter 7 trustee must then file and send to all creditors a notice of final report.  Id. § 58.7(b).  The notice "must identify the procedures for objecting to any fee application or to the [trustee's final report]."  Id.  Then, after all of the estate funds are distributed, the chapter 7 trustee is required to file a final account.  Id. § 58.7(c).  The final account "must contain the trustee's certification, under penalty of perjury, that the estate has been fully administered and the trustee's request to be discharged as trustee."  Id.

---

[4]  The dollar amount is determined pursuant to Rule 2002(f)(8).

7

Here, the Trustee followed the uniform procedures required by 28 C.F.R. § 58.7 prior to entry of the final decree and case closure. No one disputes that she properly filed and noticed her Final Report and final fee applications for administrative creditors. No one disputes that Debtor had an opportunity for objection and, as a result, timely objected and raised many of the same objections now before us on appeal. And no one disputes that the bankruptcy court orally overruled all of the objections, approved the Final Report, and entered orders consistent with its oral ruling. No appeal was taken from those orders, and they are now final and nonappealable.

Having successfully obtained approval of her Final Report, the Trustee made the payments it detailed. Once these final acts of administration were complete and after all estate funds were distributed, she again complied with 28 C.F.R. § 58.7 and filed the Final Account in the bankruptcy case. The Final Account included the required certification under penalty of perjury that the Debtor's estate was fully administered and the required request that the Trustee be discharged.

Hujazi does not question the content of the Final Account and, in particular, does not argue that case administration is incomplete. Instead, she argues that entry of the final decree was premature because she did not have 30 days in which to again raise the objections asserted by the Debtor in connection with the Final Report. Hujazi's position lacks merit for two reasons.

First, Rule 5009(a) does not require a 30 day opportunity for objection. It simply provides an evidentiary presumption as

to full estate administration. Here, the bankruptcy court entered the final decree just four days after the Trustee filed the Final Account; it did not permit the evidentiary presumption to become conclusive. But, Rule 5009 did not bar the bankruptcy court from entry of the final decree prior to the expiration of 30 days.

Second, Hujazi does not identify any unpaid creditor, unadministered asset, or unperformed requirement for case completion such that the bankruptcy court erroneously relied on the Final Report's certification of full administration of the case and erroneously entered the final decree. Hujazi does not dispute that the estate was fully administered; instead, she argues that the administration did not work out as she wished. And that argument, in whole and in part, has already failed. Thus, Hujazi's attack on the final decree is entirely off point.

The timing, also, makes no difference because even if we vacated the final decree, Hujazi could not pursue what she truly seeks on appeal: to collaterally attack the bankruptcy court orders approving the fee applications and the Final Report. Contrary to Hujazi's argument, these orders were not interim orders subsumed into the final decree. These orders finally resolved the Debtor's objections to the Final Report and the contested final fee applications on the merits (to the extent not already decided in earlier orders).

Each order following the Final Report contained reference to the Debtor's objections to the Final Report, noted the bankruptcy court's tentative ruling approving the Final Report, and incorporated that tentative and its oral ruling consistent

9

with the tentative into the order generally. Each order then overruled a single undefined "objection" and awarded fees to a particular claimant. We have no doubt that the bankruptcy court intended to incorporate its approval of the Final Report into one or all of these orders, thus commencing the time for appeal of those decisions.[5] See, e.g., Carter v. Beverly Hills Sav. & Loan Ass'n, 884 F.2d 1186, 1189 (9th Cir. 1989); see also Fiataruolo v. United States, 8 F.3d 930, 937 (2d Cir. 1993).

The Trustee argued that the Final Report triggered the Rule 5009 presumption period. This is incorrect. The Final Report did not and could not do so because it did not "[certify] that the estate has been fully administered." The Final Report included an outline of intended, rather than completed, distributions of estate assets. As the Trustee correctly points out, her actions following the Final Report were entirely ministerial, but they still constituted estate administration. Only the Final Account certified that administration was complete as the distributions outlined in the Final Report were now complete.

Moreover, once a case is fully administered, the bankruptcy court is required to close the case. See 11 U.S.C. § 350(a). Accepting the Trustee's reasoning would result in illogical consequences: the closing of the bankruptcy case prior to the trustee's distribution of liquidated estate assets to creditors.

---

[5] In addition to the fee awards, Hujazi objects only to the payment of liens secured by the Property. The propriety of these payments was decided by the bankruptcy court under the much earlier and unopposed order approving the Property sale.

10

It is clear that the 30 day period in Rule 5009 begins to run only upon the filing of the trustee's final account.

Finally, Hujazi argues that the amount of fees awarded to Trustee and Trustee's counsel are unconscionable and unreasonable under § 330(a)(3)(A).  Again, the bankruptcy court entered the orders approving these fees months before entry of the final decree and Hujazi's notice of appeal.  Neither the Debtor nor Hujazi appealed from those orders, and they are now final and nonappealable.

**CONCLUSION**

Based on the foregoing, we AFFIRM the bankruptcy court.

11