**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: THURMAN BROWN,

————————————————

THURMAN BROWN,
                                    *Appellant,*

              v.

WILSHIRE CREDIT CORPORATION,
                                    *Appellee.*

No. 05-15605

D.C. No.
CV-04-01439-SRB
Adv.No. 02-1381

OPINION

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted February 14, 2007*
San Francisco, California

Filed April 26, 2007

Before: Stephen Reinhardt, Pamela Ann Rymer and
Barry G. Silverman, Circuit Judges.

Opinion by Judge Silverman;
Concurrence by Judge Rymer

—————————

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

4579

## COUNSEL

Ronald J. Ellett, Jay S. Volquardsen; Ellett Law Offices, P.C., Phoenix, Arizona, for debtor Thurman Brown and appellant Ellett Law Offices, P.C.

David Wm. Engelman, William H. Anger; Engelman Berger, P.C., Phoenix, Arizona, for Appellee Wilshire Credit Corporation.

## OPINION

SILVERMAN, Circuit Judge:

A bankruptcy judge ruled in open court on cross-motions for summary judgment regarding debtor Thurman Brown's claim that Wilshire Credit Corporation violated the Bankruptcy Code's automatic stay. Later that day, the judge signed a minute entry stating that Wilshire's motion for summary judgment was granted and that Brown's was denied, and taking under advisement a related motion for sanctions. Brown filed his appeal nearly three months later when the court entered judgment awarding sanctions against his counsel. We hold today that a minute entry that merely grants summary judgment — without more — does not become a final, appealable judgment just because it has been signed by the judge. The minute entry in this case was the memorialization of a *ruling*, not a *judgment*, and thus did not trigger the 10-day window in which Brown was required to appeal. Accordingly, the district court erred in dismissing Brown's appeal as untimely.

### BACKGROUND

Because this opinion is limited to the timeliness of Brown's appeal to the district court,[1] we will just briefly summarize the facts. Brown obtained a loan from LaSalle National Bank secured by a deed of trust. Wilshire Credit Corporation serviced the loan for the bank. After Brown defaulted, Fidelity National Title Insurance Company, the foreclosure trustee on the deed of trust, scheduled a non-judicial foreclosure sale. The sale took place a few hours after Brown had filed for bankruptcy protection. Complications ensued. Ultimately, Brown brought an adversary proceeding against Wilshire alleging that Wilshire violated the automatic stay.

---

[1]In a separate memorandum disposition filed contemporaneously with this opinion, we reverse the bankruptcy court's award of sanctions against Ronald Ellett, Brown's counsel.

Cross-motions for summary judgment were filed, and argument on the motions was held on April 22, 2004. Ruling from the bench at the conclusion of the argument, the bankruptcy judge granted Wilshire's motion for summary judgment and gave his reasons. At the end of the bankruptcy judge's remarks, the following exchange occurred:

COURT: Those are my findings of fact and conclusions of law. Do you wish to lodge a — or propose formal findings and conclusions,[2] or do you want me to simply sign the minute entry?

WILSHIRE'S COUNSEL:
If you'll sign the minute entry, that will suffice, Your Honor.

COURT: I'll sign the minute entry. That will be the order.

Later that day, the court issued a document labeled "MINUTE ENTRY" that read as follows:

*Appearances:*

JAY S. VOLQUARDSEN, ATTORNEY FOR THURMAN BROWN
RICK SHERMAN ATTORNEY FOR WILSHIRE

---

[2]Ordinarily, findings of fact and conclusions of law are made in the wake of a contested hearing, not in the course of granting summary judgment, which presupposes that the facts are undisputed. We presume that the bankruptcy judge meant either that he would allow counsel to submit a proposed written order granting the motion and containing the judge's rationale, or a proposed formal written judgment dismissing the action.

*Proceedings:*

> Mr. Volquardsen reviewed the history of this matter and urged the Court to grant the debtor's motion for summary judgment.
>
> COURT: FINDINGS OF FACT AND CONCLUSIONS OF LAW WERE STATED ON THE RECORD. IT IS ORDERED DENYING THE DEBTOR'S MOTION FOR SUMMARY JUDGMENT AND GRANTING WILSHIRE'S MOTION FOR SUMMARY JUDGMENT.
>
> /s/ Randolph J. Haines
> RANDOLPH J. HAINES
> U.S. BANKRUPTCY JUDGE
>
> Mr. Sherman requested the Court rule on his 9011 motion advising he believes it is fully briefed.
>
> COURT: THE COURT WILL REVIEW THE DOCKET TO DETERMINE IF THE MOTION HAS BEEN FULLY BRIEFED. IT IS ORDERED TAKING THE MOTION UNDER ADVISEMENT UNLESS BY NEXT TUESDAY, APRIL 27, 2004 EITHER PARTY FILES A REQUEST FOR HEARING.
>
> cc:  Pat
>      Jim

Six days later, in an April 28, 2004 "Memorandum Decision" — which also bears the judge's signature — the bankruptcy court decided in principle to sanction Brown's lawyer, Ronald Ellett, because, the bankruptcy judge said, he "never advanced a single fact demonstrating that Wilshire took an active step in violation of the automatic stay after having knowledge of the existence of the bankruptcy," and because

his papers were void of any law or non-frivolous argument for the extension of existing law that "imputed knowledge is a sufficient basis to find a willful stay violation." The amount of the sanction remained to be determined.

In a ruling dated June 30, 2004, the bankruptcy court largely denied Brown's motion for reconsideration. As to sanctions, the bankruptcy court awarded $18,791.63, and directed Wilshire's counsel to lodge a form of judgment.

On July 6, 2004, the bankruptcy court entered a formal "Judgment Awarding Rule 11 Sanctions Against Ellett Law Offices, P.C." In contrast to the April 22 minute entry, this document bore the court seal and language apparently rubber-stamped on the top of the first page reading: "IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED. The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1." Immediately below the stamped language was the date, followed by the judge's signature. In the body of the document, it says, "IT IS FURTHER ORDERED granting judgment in favor of defendant Wilshire Credit Corporation and against plaintiff/debtor's attorney . . . in the amount of $18,791.63, with post-judgment interest . . . . IT IS FURTHER ORDERED expressly directing the entry of this judgment as the Court finds that there is no just reason for delay."

Accompanying that document was a separate document captioned, "Notice of Entry of Judgment or Order," in which the court clerk gave notice that judgment had been entered on the court docket, and certified that copies of the judgment had been mailed to the parties.

On July 15, 2004, nine days after entry of the judgment awarding sanctions, Brown appealed the bankruptcy court's summary judgment order. Ellett appealed the judgment awarding sanctions against his firm on July 7, 2004.

The district court dismissed Brown's appeal of the order granting summary judgment against him because his appeal was not filed within ten days of April 22, 2004, the day the bankruptcy court entered its minute order granting Wilshire's motion for summary judgment. *See* Bankr. R. Proc. 8002(a) ("The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."). That minute entry, the district court reasoned, was a "final order" in so much as it evidenced the bankruptcy court's intent that the summary judgment ruling "end the controversy regarding the alleged violation of the automatic stay." "Most importantly," the district court went on to say, "Judge Haines signed the minute entry." The district court then affirmed the award of sanctions against Ellett and his law firm, concluding that he "offer[ed] no plausible factual or legal basis for holding Wilshire liable for the acts or failures to act of the trustee, Fidelity."

## ANALYSIS

We must determine whether the bankruptcy court's April 22, 2004 minute entry constitutes a final, appealable order. If it does, Brown's appeal to the district court was untimely, depriving us of jurisdiction to hear his appeal. *In re Slimick*, 928 F.2d 304, 306-09 (9th Cir. 1990). If the minute entry is not a final, appealable order, Brown's appeal was not untimely, and we may review the merits of the bankruptcy court's summary judgment ruling. For the reasons that follow, we hold that the minute entry was not a final, appealable order.

**[1]** A disposition is final if it contains " 'a *complete* act of adjudication,' that is, a full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter." *Id.* at 307 (emphasis in original); *see also United States v. Lummi Indian Tribe*, 235 F.3d 443, 448 (9th Cir. 2000) ("A final decision is one that ends the litigation on the merits and leaves nothing for the court to

do but execute judgment." (internal quotations omitted)). "Evidence of intent consists of the Order's content and the judge's and parties [sic] conduct." *In re Slimick*, 928 F.2d at 308.[3]

**[2]** On its face, the April 22, 2004 minute entry, although signed, is simply the memorialization of the proceedings of that day. A comparison of the April 22 minute entry with the July 6, 2004 judgment awarding sanctions illustrates this point. The July 6, 2004 judgment came affixed with the court seal and contained unequivocal judgment-granting language. In contrast, the minute entry of April 22 merely recites that one motion was "ordered" granted and another one denied. That phrase, "IT IS ORDERED," often precedes utterances that are not final judgments at all, *e.g.*, "IT IS ORDERED continuing the case" and "IT IS ORDERED setting the following briefing schedule." More important than "IT IS ORDERED" is *what* has been ordered. Tellingly, the April 22, 2004 minute entry did not order that "judgment be entered" in favor of Wilshire or that Brown's case be "dismissed with prejudice." These are conspicuous omissions.

Indeed, with respect to finality, we have previously drawn a distinction between (1) an order that merely provides that "[t]he motion of the Defendant for summary judgment . . . is now decided as follows: The said motion is hereby granted," and (2) a later judgment that concluded, "It is, therefore, ordered, adjudged and decreed that the plaintiff take nothing by its actions against the defendant." *Monarch Brewing Co.*

---

[3]Two things are necessary to trigger the time in which to appeal: (i) the lower court's intent that its order be "final," and (ii) compliance with Fed. R. Civ. P. 58, which, in cases like this one, "requires entry of a document distinct from any opinion or memorandum." *Hollywood v. City of Santa Maria*, 886 F.2d 1228, 1231 (9th Cir. 1989); *see also* Bankr. R. Proc. 9021 (Fed. R. Civ. P. 58 generally applies in bankruptcy). Because the April 22, 2004 minute entry does not satisfy the first requirement for appealability, we do not reach the question of whether it satisfies the "separate document" rule in Fed. R. Civ. P. 58.

*v. George J. Meyer Mfg. Co.*, 130 F.2d 582, 583 (9th Cir. 1942) ("We are satisfied that the [earlier order] was not intended as the rendition of a judgment in favor of the defendant."); *see also Am. Nat'l Bank & Trust Co. of Chicago v. Sec'y of Hous. & Urban Dev.*, 946 F.2d 1286, 1289 (7th Cir. 1991) (minute entry is final order where it provided that "Judgment is entered as follows" and then outlined the relief ordered by the court); *In re Cahn*, 188 B.R. 627, 630 (9th Cir. BAP 1995) (order granting summary judgment and dismissing adversary proceeding was final and appealable).

**[3]** While we recognize that "no formal words of judgment are necessary to convey finality," *In re Slimick*, 928 F.2d at 308, there must be *some* dispositive language sufficient to put the losing party on notice that his *entire* action — and not just a particular motion or proceeding within the action — is over and that his next step is to appeal. The minute entry at issue here gives exactly the opposite sort of notice. It specifically recites that the bankruptcy judge intends to rule in the near future on Wilshire's then-pending motion for sanctions. *See Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 434 (9th Cir. 1997) ("The rulings on their face demonstrate that the court contemplated further action, and we will not venture to guess whether the court subjectively intended otherwise.").

We follow a "pragmatic approach" to finality in bankruptcy — "a complete act of adjudication need not end the entire case, but need only end any of the interim disputes from which an appeal would lie." *In re Slimick*, 928 F.2d at 307 n.1.**[4]**

---

**[4]***In re Slimick* involved an order sustaining a trustee's objection to an amended schedule of exemptions, which was necessarily "a complete act of adjudication" in so far as the objection constituted the entire proceeding at hand. 928 F.2d at 307 ("the sustaining of the objection here necessarily simultaneously denied the amended exemption claim"). The same is not true of a motion for summary judgment within an adversary proceeding; there, finality is achieved when the entire proceeding is dismissed, *see In*

But here, the two motions clearly were intertwined. The motion for sanctions simply cannot be characterized as involving "discrete issue[s]" apart from the summary judgment motion. *In re Lazar*, 237 F.3d 967, 985 (9th Cir. 2001) ("[B]ankruptcy court order is final, and thus appealable, where it (1) resolves and seriously affects substantive rights and (2) finally determines discrete issue to which it is addressed." (internal quotations omitted)).

We have held that a minute entry triggered the time period in which to appeal, but those cases involved *post*-judgment motions for relief, which do not raise the same concerns that the losing party lacks notice that he can exercise his right to appeal. In *Beaudry Motor Co. v. Abko Props., Inc.*, 780 F.2d 751 (9th Cir. 1986), for example, the district court denied a motion for a new trial and leave to amend, both of which followed its grant of summary judgment and entry of judgment. Unlike Brown here, then, the plaintiff in *Beaudry Motor* already knew *its case* was dead — judgment already had been handed down. Its post-judgment motions were an effort to resurrect the case, but for purposes of appealability, they merely stayed the time for appeal, which had otherwise begun to run. *See* Fed. R. App. P. 4(a)(4)(A)(v). Thus, all that mattered was when the district court entered its order disposing of the post-judgment motions, because a notice of appeal must then be filed within thirty days, measured from the entry of the order. *See Beaudry Motor*, 780 F.2d at 753-54 (citing Fed. R. App. 4(a)(4)(B)).

The same is true of *Ingram v. ACandS, Inc.*, 977 F.2d 1332 (9th Cir. 1992). That case went to trial, and judgment was

re Cahn*, 188 B.R. at 630, not when one motion is granted or denied. In other words, with respect to the "pragmatic approach" to finality, Brown's adversary proceeding was the "interim dispute[ ]" from which an appeal may lie, *In re Slimick*, 928 F.2d at 307 n.1, *not* the cross-motions for summary judgment.

entered in favor of plaintiffs on the jury's findings. *See id.* at 1336 ("The [district] court determined that Fibreboard was jointly and severally liable for the full amount of the judgment . . . ."). The defendants' right to pursue motions for a new trial suspended the time in which to appeal, *but unless and until they were granted*, the fact remained that they had lost and the case was over. They did not need any further notice from the district court on that issue.

**[4]** We reaffirm the rule that a minute entry ordering the denial of a motion for new trial, after a final judgment has *already* been entered, starts the appeal clock. But that's not the case here. The minute entry of April 22, 2004 was not a ruling on a post-judgment motion. As already explained, it merely memorialized the bankruptcy court's ruling on pre-judgment motions.

**[5]** Lest litigants be misled about when their time to appeal begins to run, there must be some "clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as it is concerned, is the end of the case." *Fiataruolo v. United States*, 8 F.3d 930, 937 (2d Cir. 1993). As we said in *Carter v. Beverly Hills Sav. & Loan Assoc.*, 884 F.2d 1186, 1189 (9th Cir. 1989), "Wherever the rules establish a time requirement that limits a litigant's ability to obtain relief from a final judgment, it is imperative that the district court provide a clear signal that the time period within which that relief can be sought has begun to run." Because that kind of certainty is lacking here, the April 22, 2004 minute entry cannot be deemed a final, appealable order.

**[6]** Accordingly, we **REVERSE** the district court's order dismissing Brown's appeal of the summary judgment rulings for lack of jurisdiction and **REMAND** for the district court's consideration of his appeal.

RYMER, Circuit Judge, concurring in the judgment:

I agree that Brown's appeal to the district court was timely, though for somewhat different reasons.

Brown argues that the April 22 minute order was not final because it was intertwined with a sanctions motion on which the bankruptcy court had not yet ruled. If so, then the bankruptcy court's June 30 order regarding sanctions was the final order, its July 6 judgment was the "separate document" required by Fed. R. Bankr. P. 9021, and the July 15 appeal was timely under Fed. R. Bankr. P. 8002(a).

Alternatively, if the April 22 order is independent of the sanctions motion, then the question is whether the minute entry was a "document" within the meaning of Bankruptcy Rule 9021, which incorporates Fed. R. Civ. P. 58. We have held that a minute order denying post-judgment relief constitutes a "document" for purposes of Civil Rule 58 only "if it (1) states that it is an order; (2) is mailed to counsel; (3) is signed by the clerk who prepared it; and (4) is entered on the docket sheet." *Ingram v. ACandS, Inc.*, 977 F.2d 1332, 1338-39 (9th Cir. 1992) (citing *Beaudry Motor Co. v. Abko Props., Inc.*, 780 F.2d 751, 754-55 (9th Cir. 1986)); *Carter v. Beverly Hills Sav. & Loan Ass'n*, 884 F.2d 1186, 1188-90 (9th Cir. 1989). While it is possible that more should be required of a document purporting to set forth summary judgment than of a post-judgment order, certainly we should not require less. This being so, the minute entry here could not trigger the clock for filing an appeal because, at a minimum, it was not mailed to counsel.[1]

As the appeal would be timely even if the minute order were final, I wouldn't venture to guess what more magic

[1]I express no opinion as to whether electronic communication satisfies or renders obsolete the mailing requirement in *ACandS*, as Wilshire's contention to this effect is not supported by the record.

words are needed to make an order granting summary judgment a final disposition in bankruptcy than "It is ordered . . . granting Wilshire's motion for summary judgment." I'd stick with *In re Slimick*, 928 F.2d 304, 305-06 (9th Cir. 1990).