NOT FOR PUBLICATION



FILED

JUL 11 2018

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br><br>ERLING S. CALKINS and ELAINE S. CALKINS,<br><br><center>Debtors.</center> | BAP No. AZ-17-1173-SBaF<br><br>Bk. No. 3:13-bk-08354-DPC |
| ERLING S. CALKINS,<br><br><center>Appellant,</center><br><br>v.<br><br>COCONINO COUNTY; COCONINO COUNTY PUBLIC HEALTH SERVICES DISTRICT,<br><br><center>Appellees.</center> | **MEMORANDUM**\* |

Argued and Submitted on June 21, 2018
at Phoenix, Arizona

Filed – July 11, 2018

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Daniel P. Collins, Bankruptcy Judge, Presiding

————

Appearances:     Appellant Erling S. Calkins argued pro se; Brian Y.
Furuya argued for appellees.

————

Before: SPRAKER, BASON,[**] and FARIS, Bankruptcy Judges.

## INTRODUCTION

In this appeal, Chapter 11[1] debtor Erling S. Calkins asks us to review the bankruptcy court's interpretation of one of its minute entries. Calkins contends that, by way of its April 28, 2017 minute entry, the court intended to vacate its April 4, 2017 order striking Calkins' application for an order to show cause.

At a hearing held on May 19, 2017, the bankruptcy court rejected Calkins' interpretation. According to the court, the April 28, 2017 minute entry only vacated the *hearing* on the application for an order to show cause that had

————

[**] Hon. Neil W. Bason, United States Bankruptcy Judge for the Central District of California, sitting by designation.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

2

been scheduled for the day of the minute entry. The bankruptcy court's interpretation of the April 28, 2017 minute entry is consistent with the record. At the time the entry was made, there was neither a request nor any apparent basis (factual or legal) for the court to vacate its April 4, 2017 order. In these circumstances, Calkins' interpretation of the minute entry makes no legal or logical sense.

Notwithstanding the above, we must dismiss this appeal for lack of jurisdiction. The bankruptcy court's May 19, 2017 interpretation of the April 28, 2017 minute entry was not an appealable order. Nor was the April 28, 2017 minute entry itself an appealable order.

Accordingly, this appeal is hereby ORDERED DISMISSED.

## FACTS

The dispute between Calkins and the appellees (collectively, the "County") has been ongoing for years. The County has been pursuing Calkins in relation to certain zoning, building code, and health code violations on his real property and his failure to remediate them. Calkins and his wife filed their chapter 11 bankruptcy case on May 16, 2013. Still, the County's pursuit of Calkins continued postpetition. On October 28, 2015, the bankruptcy court approved the employment of Allan NewDelman as the Calkinses' bankruptcy counsel.

In January 2017, unhappy with certain actions the County's counsel, Brian Y. Furuya, took in the state court and in the bankruptcy court, Calkins

filed in the bankruptcy court, pro se, an application for an order to show cause ("OSC Application"). According to Calkins, Furuya fraudulently presented to the bankruptcy court a fictitious state court judgment. By way of the OSC Application, Calkins asked the bankruptcy court to issue an order to show cause why Furuya should not be found guilty of fraud and an order staying all abatement actions the County was planning to take in relation to Calkins' real property.

The bankruptcy court initially set the OSC Application for hearing on March 17, 2017, but the County requested and obtained a continuance of that hearing date to April 28, 2017. The County then moved to strike the OSC Application. The County noted that Mr. NewDelman, the Calkinses' bankruptcy counsel of record, did not draft or file the OSC Application on Calkins' behalf. Instead, it was drafted and filed by Calkins pro se. The County asserted that the OSC Application should be stricken because it was inappropriate for Calkins to seek the order to show cause on his own behalf, when he had counsel of record representing him in the case.

In his response, Calkins claimed that the motion to strike was untimely and that his OSC Application concerned the County's state court action. Calkins defended his pro se filing by explaining that his bankruptcy counsel was not involved in or responsible for the state court action.

The bankruptcy court set the motion to strike for hearing on March 17, 2017. At the hearing, the bankruptcy court agreed with the County that

4

Calkins' attempt to represent himself in submitting the OSC Application to the bankruptcy court was inappropriate. On that basis, the bankruptcy court granted the motion to strike. But the court specified that its ruling on the motion to strike was without prejudice to Calkins having his counsel file a similar motion in the bankruptcy court.

On April 4, 2017, the bankruptcy court entered its order granting the motion to strike and denying without prejudice the OSC Application. The order also prohibited Calkins from representing himself in the bankruptcy case, unless he obtained advance permission from the court or ceased to be represented by bankruptcy counsel. Importantly, Calkins never appealed this order, and he insists on appeal that he is not challenging this order. Instead, the focus of his appeal is the April 28, 2017 document entitled "minute entry," which states as follows:

> *__Proceedings:__*
>
> VACATED: ORDER Granting Motion to Strike and [sic] (Related Doc 453) and Order Denying without prejudice the Application for Order to show cause (Related doc 422) signed on 4/4/2017.

On May 12, 2017, the clerk's office amended the docket text accompanying the April 28, 2017 minute entry to clarify that the minute entry only was intended to vacate the hearing on the application and was not intended to vacate the April 4, 2017 order striking Calkins' OSC Application. The clarifying docket text states: "**\*\*\* THIS M.E. ONLY VACATES THE APRIL 28, 2017, HEARING \*\*\***" (boldface type in original).

5

Calkins, again acting pro se, raised the issue of the minute entry at an unrelated chapter 11 status conference held on May 19, 2017. At that time, Calkins proffered his interpretation of the April 28, 2017 minute entry. Calkins claimed that it vacated the April 4, 2017 order. At the status conference, the bankruptcy court rejected Calkins' interpretation. According to the court, the minute entry only vacated the April 28, 2017 hearing previously scheduled for the OSC Application.

On June 2, 2017, Calkins filed his notice of appeal, which states:

Debtor, Erling Calkins, on behalf of himself, files an Appeal to the Bankruptcy Appellate Panel of the Order of Doc 466 which "Vacated: Granting Motion to Strike and [sic] (Related Doc 453) and Order Denying without prejudice the Application for Order to show cause (Related doc 422 signed on 4/4/2017" and was then explained May 19, 2017 in only Bankruptcy Court as only vacating the hearing. (Related Doc 479 recording of explanation).

Calkins filed his notice of appeal within fourteen days of the May 19, 2017 hearing.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A).

The County has raised the issue of whether we have jurisdiction, contending that this is an untimely interlocutory appeal of the minute entry. Clearly the appeal is untimely if measured from the minute entry. Construing this situation charitably in favor of a pro se appellant, however, one may

argue that court's statements made during the May 19, 2017 hearing were the operative "ruling" appealed. Indeed, Calkins references these statements in his notice of appeal. If the time to appeal is measured from the May 19, 2017 hearing, the notice of appeal was timely filed.

Similarly, the appeal is subject to a challenge for lack of finality as the minute entry and the bankruptcy court's hearing statements obviously did not fully and finally dispose of anything. The bankruptcy court's entry, on September 8, 2017, of an order confirming Calkins' second amended plan of reorganization arguably might have cured at least some finality defects. *See Giesbrecht v. Fitzgerald (In re Giesbrecht)*, 429 B.R. 682, 687-88 (9th Cir. BAP 2010); *see also Mead v. Loheit (In re Mead)*, 2010 WL 6259982, at *4 (9th Cir. BAP June 15, 2010), *aff'd*, 529 F. App'x 835 (9th Cir. 2013); *Cato v. Fresno City*, 220 F.3d 1073, 1074–75 (9th Cir. 2000). That being said, it is far from clear that the April 28, 2017 minute entry and the May 19, 2017 hearing statements are sufficiently related to the confirmation proceedings that we could properly deem the finality defect cured by entry of the confirmation order.

Having noted these issues, however, we decline to decide them as there is a more fundamental problem with this appeal: there is no order to appeal. Calkins appeals the minute entry entered on the docket and argues that it vacated the court's prior written order granting the County's motion to strike his OSC Application. This calls into question the appealability of the minute entry. *See, e.g., Brown v. Wilshire Credit Corp. (In re Brown)*, 484 F.3d 1116, 1121

7

(9th Cir. 2007); *Mullen v. Hamlin (In re Hamlin),* 465 B.R. 863, 868 (9th Cir. BAP 2012). In *Hamlin,* we stated that "[a] minute entry may constitute a dispositive order for notice of appeal purposes if it: (1) states that it is an order; (2) is mailed to counsel; (3) is signed by the clerk who prepared it; and (4) is entered on the docket sheet." 465 B.R. at 868. There, we held that the minute order had been mailed to counsel because it was "entered on the docket sheet and, under the Local Rules of Bankruptcy Procedure for the District of Arizona, was mailed to counsel. See Local Rule 5005–2(k) (electronic service by the clerk 'constitutes service of the pleading, petition, or other document.')." *Id.* We also said that the Arizona rules do not require a judge's signature on electronic orders. *Id.* Although that minute entry stated: "IT IS ORDERED that the objection is overruled," we held that it was not appealable because it did not state that is was an order and specifically omitted any language allowing the exemption at issue. *Id.* Conversely, in *Neuman v. Krenz (In re Krenz),* BAP No. AZ-15-1396-FLJu, 2016 WL 5956650 (9th Cir. BAP Oct. 13, 2016), we relied on *Hamlin* but held that the court minutes constituted an appealable order because the minutes were framed as an order.

In this instance, the minute entry does not satisfy the first prong of this test because it was not framed as an order; it only was intended to vacate the hearing - which the clerk made clear in its amendment to the minute entry. This action was administrative rather than substantive, further explaining why the minute entry did not indicate that it was an order. For the same

8

reasons, the bankruptcy court's subsequent oral statements about the clerk's notations do not constitute an order. *See generally Bryant v. Bank of N.Y. Mellon (In re Bryant),* BAP No. CC-16-1009-DKuF, 2016 WL 4247001, at *6 (9th Cir. BAP Aug. 3, 2016) (under Rules 9021 and 5003, "a ruling is only an 'order' when it is in written form and entered on the bankruptcy court docket."). For this reason, we conclude that this appeal must be dismissed for lack of an appealable order.

## CONCLUSION

For the reasons set forth above, we DISMISS the instant appeal for lack of appellate jurisdiction.[2]

---

[2] In his opening appeal brief and at oral argument, Calkins informally requested that we combine this appeal with his appeal from the bankruptcy court's abstention and relief from stay order entered on September 11, 2017 (BAP No. AZ-17-1284). Calkins' request to consolidate these two appeal is hereby ORDERED DENIED. No legitimate purpose would be served by consolidating these two appeals. They present markedly distinct factual and legal questions.