**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>MARK ALAN SHOEMAKER,<br>　　　　　　Debtor. | BAP No. CC-19-1248-TLS<br><br>Bk. No. 1:14-bk-15182-GM |
| MARK ALAN SHOEMAKER,<br>　　　　　　Appellant,<br>v.<br>ALFRED H. SEGAL, Chapter 7 Trustee;<br>FRANCHISE TAX BOARD; DB<br>SERVICING CORP.; MARIA<br>CONTRERAS; PEDRO NAPOLES;<br>INTERNAL REVENUE SERVICE; DAVID<br>CARRANZA; GEORGE CASTRO;<br>ANDREW H. GRIFFIN, III; FREDDY<br>RAMIREZ; SILVIA RAMIREZ;<br>THOMPSON ATTORNEY SERVICE;<br>YOLANDA ORTEGA; CREDIT ONE,<br>LLC; LILLIE BURTON; ELIZABETH<br>QUINN,<br>　　　　　　Appellees. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Geraldine Mund, Bankruptcy Judge, Presiding

Before: TAYLOR, LAFFERTY, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Mark Alan Shoemaker appeals pro se from the bankruptcy court's order denying his Rule 9023 motion for reconsideration of an order overruling his objections to claims. Debtor asserts the bankruptcy court committed legal error in overruling his objections on standing grounds without holding a hearing. We agree. Accordingly, we REVERSE and REMAND for further proceedings.

## FACTS[2]

Debtor filed a petition for relief under chapter 7 over a decade ago. At the time, he was a licensed attorney. He also owned and operated Advocate for Fair Lending, LLC ("AFL"), a company offering services to

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Local Rule" references are to the Local Bankruptcy Rules for the United States Bankruptcy Court for the Central District of California, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] We note that Debtor failed to provide the Panel with a record sufficient to permit review of his claims of error. While we have the discretion to dismiss his appeal for this error, *see Jones v. City of Santa Monica*, 382 F3d 1052, 1057 (9th Cir. 2004), we will consider it to the extent we can take judicial notice of documents electronically filed in the underlying bankruptcy case, the related adversary proceedings, and the appeals of decisions rendered therein to ascertain the relevant facts, *see Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

homeowners facing foreclosure. A month into the bankruptcy case, however, the State Bar of California found Debtor ineligible to practice law due to his conduct involving AFL and disbarred him. Numerous AFL clients sued Debtor for the value of promised services he did not perform.

While the chapter 7 trustee ("Trustee") initially anticipated no recovery for creditors and filed a no distribution report, he withdrew it after Debtor amended his schedules to list an estimated $10 million in contingent and unliquidated legal claims against third parties. Thus, at the Trustee's request, the bankruptcy court set a claims bar date. Fourteen claims were filed by the claims bar date, totaling approximately $680,000.

The Trustee then filed a series of collection actions, but he only recovered $5,000. Dissatisfied with this result, Debtor filed a tort action against the Trustee and his professionals, seeking over $40,000,000 in damages for alleged mishandling of the collection actions ("Tort Action").[3] The bankruptcy court dismissed the Tort Action with prejudice, and both the district court and Ninth Circuit affirmed.

While the Tort Action was proceeding, the United States Trustee successfully prosecuted an adversary proceeding against Debtor to deny his discharge under §§ 727(a)(2)(A) and (a)(4)(A) ("§ 727 Action"). This Panel affirmed the bankruptcy court's § 727(a)(4)(A) judgment, and the

---

[3] The Tort Action was filed in Los Angeles Superior Court but subsequently removed to the bankruptcy court, thereby converting it to an adversary proceeding.

Ninth Circuit dismissed the subsequent appeal for failure to prosecute.

In mid-2019, the Trustee filed his Final Report. It identified $5,000 in gross receipts, proposed partial payment of chapter 7 administrative expenses, and acknowledged no distribution for creditors. It also included a copy of the claims register on which the phrase "accept as filed" was handwritten next to each claim. Finally, it indicated that the case would not close until the dismissal of the Tort Action became final and non-appealable through exhaustion of all appellate remedies including any requested Supreme Court review. The Trustee opined that Debtor had until April 18, 2019, to file a Supreme Court petition for certiorari.

Debtor objected to the Final Report. He argued, among other things, that he had an absolute right to object to claims and that the case could not close, in any event, until any certiorari petition was resolved (he opined that he had until July 29, 2019, to file it).[4]

Shortly thereafter, Debtor filed objections to all claims except a domestic support obligations claim.[5] He set the objections for hearing using the bankruptcy court's self-calendaring program.

---

[4] Neither the Trustee nor Debtor properly calculated the last day for Debtor to file a petition for a writ of certiorari. The last day was 90 days after the Ninth Circuit's denial of Debtor's timely filed petition for rehearing, or July 22, 2019. U.S. Sup. Ct. R. 13(1) and (3).

[5] While we take no position on the bona fides of the claim objections, we note that even a facial review suggests that some have merit. For example, the credit card debt claims appear to be time-barred; Debtor objected on this basis among others.

But a hearing he would not have. Less than a week later, the bankruptcy court entered a sua sponte order entitled Order Staying and Suspending All Action on Objections to Claims ("Stay Order"). In the Stay Order, the bankruptcy court explained that Debtor did not have standing to object to claims in this administratively insolvent case. However, it acknowledged the remote possibility of a factual change if the Supreme Court granted any request for review of the dismissal of the Tort Action and ruled in Debtor's favor on the merits.

Thus, the Stay Order indicated that "[s]hould the writ of certiorari be denied by the United States Supreme Court (or should it not have been timely filed), these objections to claims will be denied without hearing or further order of the court." And, given the possibility of a reversal, the Stay Order did not immediately overrule Debtor's objections for lack of standing. Instead, it "held in suspension" the objections "with no required response by the claimant [sic], no hearings, and no further filings by Mr. Shoemaker" and vacated the hearing thereon. Directly addressing the claimants, the Stay Order instructed them that they "**NEED DO NOTHING AS TO THIS OBJECTION TO YOUR CLAIM UNTIL YOU RECEIVE A FURTHER NOTICE FROM THE BANKRUPTCY COURT**." (Emphasis in original).

Debtor did not timely file a petition for certiorari. On August 20, 2019, the bankruptcy court entered an order ("Objections Order")

5

providing that "as stated in the [Stay Order], the objections to the[] claims are denied."

Debtor filed a Rule 9023 motion for reconsideration of the Objections Order within 14 days of its entry. He argued that: (1) the bankruptcy court was required to set a hearing on his claim objections; (2) his claim objections and evidence therein shifted the burden to the claimants and set forth sufficient grounds for disallowance of the claims; (3) there was new evidence relevant to the IRS' claim that rendered the Objections Order clear error and manifestly unjust; and (4) the bankruptcy court was impermissibly biased.

The bankruptcy court denied the reconsideration motion largely on procedural grounds ("Reconsideration Order"). First, it determined that the claim objections did not meet the requirements for a hearing cited in section 502(b) and Local Rule 3007-1(b) because Debtor lacked standing to object and, in any event, the bankruptcy court had discretion to dispense with oral argument under Local Rule 9013-1(j)(3). Second, it determined that the reconsideration motion was untimely, reasoning that the Stay Order was a self-executing order overruling the objections and the Objections Order merely provided notice that the condition subsequent for overruling the objections had occurred. And third, it determined that Debtor failed to make a showing of bias.

Debtor timely appealed the Reconsideration Order.

He then applied for leave to proceed in forma pauperis with respect to the appeal. In response and pursuant to 28 U.S.C. § 1915(a)(3), the bankruptcy court issued a certificate ("Certificate") in which it stated that the appeal was not taken in good faith, again reasoning that the reconsideration motion was an untimely challenge to the Stay Order. Thus, the district court entered an order denying the in forma pauperis motion.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158, subject to our discussion set forth immediately below.

As Debtor's motion for reconsideration was filed within 14 days of entry of the Objections Order, Rule 9023 tolled the time to appeal the Objections Order. *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 99-100 (9th Cir. BAP 2006), *aff'd and remanded*, 277 F. App'x 718 (9th Cir. 2008). Although Debtor's notice of appeal references only the Reconsideration Order, Debtor argues in his opening brief that the bankruptcy court erred in entering its Objections Order. Additionally, the Trustee fully briefed the issues raised in the bankruptcy court's denial of the claim objections. Thus, we exercise our discretion to review the merits of both the Reconsideration Order and the Objections Order. *See id*.

But there remains another timeliness issue. In its Reconsideration Order and Certificate, the bankruptcy court interpreted its Stay Order as

7

finally adjudicating Debtor's claim objections, subject only to a condition subsequent. Thus the bankruptcy court reasoned that Debtor's challenge to its overruling of the claim objections by appealing the Objections Order—which it interpreted as merely providing notice that the condition subsequent had occurred—was untimely. As an initial matter, we disagree with the bankruptcy court that the appeal is untimely because the Reconsideration Order constitutes a separate order that interpreted the Stay Order and had its own individualized finality separate and apart from the Stay Order; we may review whether the bankruptcy court's interpretation of its Stay Order in the Reconsideration Order was erroneous. But on a deeper level, as explained immediately below, we also disagree with the bankruptcy court's assessment of the finality of the Stay Order.

We must determine if the bankruptcy court was correct that the Stay Order constituted a final order overruling Debtor's claim objections. If it was correct, then Debtor's challenge to the denial of his claim objections is untimely, depriving us of jurisdiction.[6] *Slimick v. Silva (In re Slimick)*, 928

---

[6] An appeal must be taken "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Rule 8002 provides that a notice of appeal must be filed within 14 days of entry of the judgment. Rule 8002(a)(1). We carefully considered the jurisdictional impact of a late appeal recently in light of an intervening Supreme Court case, *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13 (2017), and held that this 14-day deadline is a jurisdictional requirement. *Wilkins v. Menchaca (In re Wilkins)*, 587 B.R. 97, 100 (9th Cir. BAP 2018). More recently, however, the Sixth Circuit concluded that

(continued...)

8

F.2d 304, 306-09 (9th Cir. 1990). If it was incorrect, then Debtor's appeal is timely and we may review the merits of the bankruptcy court's overruling of the claim objections. In addressing the issue, we acknowledge that the bankruptcy court's interpretation of its own orders is entitled to special deference. *See Rosales v. Wallace (In re Wallace)*, 490 B.R. 898, 906 (9th Cir. BAP 2013). But here, its interpretation speaks to our jurisdiction on appeal, which we have an independent duty to assess. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

The Ninth Circuit has implemented a pragmatic approach to finality in bankruptcy cases. Under the approach, a bankruptcy order is final if it "1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *Elliott v. Four Seasons Props. (In re Frontier Props., Inc.)*, 979 F.2d 1358, 1363 (9th Cir. 1992). If further proceedings will affect the scope of the order, the order is not

---

[6](...continued)
Rule 8002(a)(1)'s 14-day deadline, while mandatory, is not jurisdictional. *Tennial v. REI Nation, LLC (In re Tennial)*, No. 20-5358, --- F.3d ----, 2020 WL 6304352, at *4 (6th Cir. Oct. 28, 2020). Were we operating under Sixth Circuit precedent, we would conclude that, even if the Stay Order constituted a final order overruling Debtor's claim objections, Debtor's appeal would not be subject to dismissal because neither he nor the Trustee asserted, or arguably understood, the Stay Order to be final. But here, we are operating under Ninth Circuit precedent and our own reported decision and must treat Rule 8002(a)(1) as jurisdictional. Given the mandatory and jurisdictional nature of the deadline to appeal, it is imperative that a final order be a clear and unequivocal manifestation by the bankruptcy court of its belief that a final decision has been made so as to protect a litigant's right to timely challenge the final decision.

subject to review. This approach ensures that a case does not "make two complete trips through the appellate process." *Id.* (quoting *Vylene Enters. v. Naugles, Inc. (In re Vylene Enters.)*, 968 F.2d 887, 895 (9th Cir. 1992)).

Put differently, "a disposition is final if it contains a *complete* act of adjudication, that is, a full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter." *In re Slimick*, 928 F.2d at 307 (emphasis in original) (citations and internal quotation marks omitted). "Evidence of intent consists of the Order's content and the judge's and parties [sic] conduct." *Id.* at 308. The Ninth Circuit has recognized that while "no formal words of judgment are necessary to convey finality, there must be *some* dispositive language sufficient to put the losing party on notice that his *entire* action—and not just a particular motion or proceeding within the action—is over and that his next step is to appeal." *Brown v. Wilshire Credit Corp. (In re Brown)*, 484 F.3d 1116, 1121 (9th Cir. 2007) (emphasis in original) (citation and internal quotation marks omitted). It is crucial that such notice be unambiguous:

> Lest litigants be misled about when their time to appeal begins to run, there must be some "clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as it is concerned, is the end of the case." *Fiataruolo v. United States*, 8 F.3d 930, 937 (2d Cir. 1993). As we said in *Carter v. Beverly Hills Sav. & Loan Assoc.*, 884 F.2d 1186, 1189 (9th Cir. 1989), "Wherever the rules establish a time requirement that limits a litigant's ability to obtain relief from a final judgment, it is imperative that the district court provide a clear

> signal that the time period within which that relief can be
> sought has begun to run."

*Id*. at 1122. Thus, a ruling that is contingent in nature and potentially requires further action from the court is not a final decision. *See, e.g., Zucker v. Maxicare Health Plans Inc.*, 14 F.3d 477, 481-82 (9th Cir. 1994) (concluding that the judgment at issue was not final and the court did not have jurisdiction over the appeal based on the contingent nature of the judgment).

Here, the Stay Order is wholly contingent on future events. On the one hand, it provides that objections to claims will be denied "without hearing or further order" should Debtor fail to timely pursue and obtain Supreme Court review of the Ninth Circuit's ruling. On the other hand, it acknowledges the possibility that future events could lead to standing to object to claims. Because of this possibility, the order holds "in suspension" the claim objections and instructs claimants to "do nothing" as to the objections "*until* [they] receive a further notice from the bankruptcy court." (emphasis added). Such language contemplates future bankruptcy court action, be it a resetting of proceedings on the claim objections, a notice that resetting will not occur, or—as happened here—a second order overruling claim objections. Hence, the order's title (Order Staying and Suspending All Action on Objections to Claims) accurately reflected that it merely stayed proceedings and did not finally resolve the claim objections. And,

11

therefore, the Stay Order was not final when entered.

The bankruptcy court's later entry of its Objections Order also contradicts its assertion that the Stay Order finally determined the issue. In addition, the Trustee has never contested the timeliness of Debtor's challenge to the bankruptcy court's standing ruling, either in opposition to the reconsideration motion or in his appellee brief. In fact, we raised the timeliness issue and afforded the Trustee the opportunity to provide supplemental briefing on it, but he declined to do so.[7] Thus, neither the bankruptcy court nor the Trustee unequivocally acted as though the Stay Order finally resolved the issue.

And we believe the Stay Order cannot reasonably be interpreted as having springing finality on the expiration of the time period in which Debtor could, but did not, petition for a writ of certiorari because it did not specify what the last day of such time period would be. Without setting forth Debtor's deadline to file a petition, the Stay Order injected considerable ambiguity as to when the claim objections may be deemed overruled because the Trustee and Debtor had asserted different dates for Debtor's deadline in prior filings. Therefore, we decline to consider the Stay Order as having springing finality "[l]est [Debtor] be mislead about

---

[7] Debtor, on the other hand, provided supplemental briefing on the issue. We strongly disapprove the disdain he shows for the bankruptcy court, the Panel, and the Ninth Circuit in his briefing, but, having brought the issue to his attention, he made appropriate arguments—after and inter-mixed with invective and tirade.

when [his] time to appeal beg[an] to run." *In re Brown*, 484 F.3d at 1122.

## ISSUE

Did the bankruptcy court abuse its discretion in denying Debtor's motion for reconsideration of its Objections Order?

## STANDARD OF REVIEW

A bankruptcy court's denial of a motion for reconsideration is reviewed for an abuse of discretion. *Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 429 (9th Cir. BAP 2005). A bankruptcy court abuses its discretion if it applies an incorrect legal rule or makes factual findings that are illogical, implausible, or not supported by the record. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

## DISCUSSION

Debtor sought reconsideration of the Objections Order pursuant to Rule 9023, incorporating Civil Rule 59(e). Reconsideration under Civil Rule 59(e) is appropriate if the movant demonstrates: (1) a manifest error of fact; (2) a manifest error of law; or (3) newly discovered evidence. *Hansen v. Moore (In re Hansen)*, 368 B.R. 868, 878 (9th Cir. BAP 2007). As explained below, we agree with Debtor that the bankruptcy court committed legal error when it summarily overruled his claim objections on standing grounds.

Under § 502(a), "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . .

13

objects." § 502(a). The bankruptcy court overruled Debtor's objections because it concluded that Debtor was not a "party in interest." We disagree.

In the claim objection context, a chapter 7 debtor, "in its individual capacity, lacks standing to object unless it demonstrates that it would be 'injured in fact' by the allowance of the claim." *An-Tze Cheng v. K&S Diversified Invs., Inc. (In re An-Tze Cheng)*, 308 B.R. 448, 454 (9th Cir. BAP 2004), *aff'd*, 160 F. App'x 644 (9th Cir. 2005). Thus, when "the estate is insolvent, a chapter 7 debtor ordinarily lacks standing to object to proofs of claim." *Wellman v. Ziino (In re Wellman)*, 378 B.R. 416 (table), 2007 WL 4105275, at *1 n.5 (9th Cir. BAP 2007) (unpublished memorandum). However, there are exceptions to this rule, such as "when the claim involved will not be discharged." *Id.*

Debtor's case is unique in that he will not receive a discharge and, although the estate is now administratively insolvent, creditors were required to file proof of their claims in the case. Pursuant to § 502(a), all of their timely filed claims will be deemed allowed unless a party in interest objects. By overruling Debtor's objections solely on standing grounds after the Trustee indicated he will not object to claims, the bankruptcy court has ensured that all claims will be deemed allowed. And in *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525 (9th Cir. 1998), the Ninth Circuit held that a claim that is "deemed allowed" under § 502(a) should be given res judicata

14

effect once the chapter 7 bankruptcy case has been closed even though a separate order formally "allowing" the claim is never issued. *Id.* at 529-30; *see also Poonja v. Alleghany Props. (In re Los Gatos Lodge, Inc.)*, 278 F.3d 890, 894 (9th Cir. 2002) (holding that the court's disallowance of a claim was a final judgment); *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 900-01 (9th Cir. 2001) (discussing *Siegel*); *United States v. Coast Wineries, Inc.*, 131 F.2d 643, 646 (9th Cir. 1942) (holding that the allowance or disallowance of a claim "is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata."). The Ninth Circuit explained:

> [W]hat . . . can "deemed allowed" mean? It must mean deemed allowed by the court. In other words, it is deemed that the court has acted on the claim and ordered allowance. Congress has relieved the court of the task of actually endorsing its allowance of the claim on that document or on a separate form of order. . . . It would be most peculiar if the effect was that uncontested and allowed claims had less dignity for res judicata purposes than a claim which at least one party in interest thought was invalid or contestable in whole or in part. We see no reason to embrace that rather peculiar result. Rather, we see § 502(a) as a recognition of the fact that people can raise objections and litigate them, if they see something wrong with a claim, but if they do not, the claim will be treated in all respects as a claim allowed by the court itself.

*Siegel*, 143 F.3d at 530.

Thus, while the outcome of Debtor's claim objections would have no

impact on the administratively insolvent estate, Debtor would suffer injury in fact upon case closure if the claims are deemed allowed given the denial of his discharge. We therefore conclude that the bankruptcy court erred in determining that he lacked standing to pursue his claim objections.

## CONCLUSION

Based on the foregoing, we REVERSE the Reconsideration Order and REMAND for further proceedings on Debtor's claim objections.[8]

---

[8] Debtor contends that the bankruptcy court erred by refusing to hold an evidentiary hearing regarding his claim objections. We disagree. As amended in 2017, Rule 3007(a) no longer requires that a hearing be scheduled or held on every claim objection. *See* Advisory Committee Notes accompanying Rule 3007. And while Local Rule 3007-1(b)(1) provides that "[a] claim objection must be set for hearing on notice of not less than 30 days," the bankruptcy court has discretion under Local Rule 9013-1(j)(3) to dispense with oral argument. Thus the bankruptcy court may, but need not, conduct a hearing on Debtor's claim objections on remand.

Debtor also asserts that the bankruptcy court "was objectively unconstitutionally biased in violation of Debtor's due process rights and other statutory rights under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure." We do not address his assertion as it was not accompanied by any reasons. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929-30 (9th Cir. 2003) ("'[A] bare assertion of an issue does not preserve a claim'"; rather, "[w]e require contentions to be accompanied by reasons.") (quoting *D.A.R.E. Am. v. Rolling Stone Magazine*, 270 F.3d 793, 793 (9th Cir. 2001))). "Our circuit has repeatedly admonished that we cannot 'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief." *Id.* (citing *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)); *see also Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.").